MEMORANDUM *
Defendant Matthew Allen Anthony was convicted of one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. He now appeals the pretrial denial of his suppression motion and the resulting conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
Anthony first contends that law enforcement officers impermissibly extended the duration of his traffic stop in violation of the Fourth Amendment. However, an officer may prolong a traffic stop if there is a reasonable suspicion of additional illegal activity, meaning the officer can point to “suspicious factors that are particularized and objective.” United States v. Mendez, 476 F.3d 1077, 1080 (9th Cir.2007) (citation and quotation marks omitted); United States v. Garcia-Rivera, 353 F.3d 788, 791 (9th Cir.2003).
In this case, extending the stop beyond the time needed to complete the warning ticket was justified by: (1) the smell of burnt marijuana; (2) Anthony’s inability to furnish identification; (3) the mismatch between Anthony’s appearance and the physical description of the driver whom he claimed to be; (4) the tip about a similar car carrying drugs that law enforcement had received; (5) Anthony’s conflicting stories about his travel history; and (6) Anthony’s shifting responses about the name of one of the passengers.
The total time of detention was also reasonable given the circumstances of the case and the diligent investigation by law enforcement officers. See Gallegos v. City of L.A., 308 F.3d 987, 991-92 (9th Cir.2002); United States v. Mayo, 394 F.3d 1271, 1276 (9th Cir.2005) (period of detention may be prolonged if “new grounds for suspicion of criminal activity continued to unfold”). Thus, the district court did not err in denying the motion to suppress.
Anthony also contends that his statements made during the stop should have been suppressed because he was in custody for purposes of Miranda. Terry traffic stops are typically considered noncustodial for purposes of Miranda. Berkemer v. McCarty, 468 U.S. 420, 437-40, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Moi'eover, the stop here never crossed the line into custody because: (1) Anthony was not summoned for questioning in an accusatory manner, but was instead instructed to furnish information about his identity for the warning ticket; (2) he was not directly accused of any wrongdoing; (3) *663 the questioning occurred in the front seat of the patrol car in public view; (4) the questioning lasted only about 20 minutes; and (5) the officer did not draw a weapon, use handcuffs, or otherwise restrain Anthony in any way. The district court did not err in refusing to suppress Anthony’s statements made during the stop.
The judgment of conviction is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the factual and procedural background, we recite it here only so far as is necessary to aid in understanding this disposition.